UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN FELT, JR., Plaintiff, | Case No. 2:26-cv-10045-SJM-APP |
| Vs. | HON. Stephen J. Murphy, III United States District Judge |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant. | HON. Anthony P. Patti United States Magistrate Judge |

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff John Felt, Jr. ("Plaintiff"), and states as follows:

## Nature of Action

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee welfare benefit plan as defined by ERISA, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of waiver of life insurance premium ("LWOP") benefits from an employee welfare benefit plan as defined by ERISA, along with other damages, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that GFL Environmental ("GFL") sponsored the GFL Environmental Group Life Insurance Plan (the "Life Plan") to provide certain benefits to participating, eligible employees of GFL. Lincoln admits Plaintiff was, at certain times, employed by GFL and was, at certain times, a participant in the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits it issued Group Life Insurance Policy No. 000010172984 (the "Life Policy") to GFL, which Policy, at certain times, insured benefits paid by the Life Plan sponsored by GFL to provide certain benefits to participating, eligible employees of GFL. Lincoln admits only that it was, at certain times, the claims administrator of the Life Plan for claims under the Life Policy. Lincoln specifically denies that it was the Plan Administrator of the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales

that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Life Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that venue is proper in this court. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## II. Nature of the Action

6. Lincoln admits that by this action, Plaintiff is seeking recovery of LWOP benefits from the Life Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits Plaintiff's claim for recovery of benefits from the Life Plan under the Life Policy is governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## III. Parties

7. Lincoln admits that certain documents reflecting Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it is an Indiana Corporation and that it is authorized to do business in Michigan. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that the Life Plan is an employee welfare benefit plan as defined by ERISA. Lincoln admits Plaintiff was, at certain times, employed by GFL and was, at certain times, a participant in the Life Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of waiver of LWOP benefits the Life Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## IV. Factual Statement & Medial Support

10. Lincoln admits that certain documents reflecting Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff was, at certain times, employed by GFL as a Route Supervisor. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff's last day of work at GFL was July 19, 2022. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the GFL Environmental Short Term Disability Plan (the "STD Plan"). Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the GFL Environmental Long Term Disability Plan (the "LTD Plan"). Lincoln admits it sent letters to Plaintiff dated June 11, 2024, and June 12, 2024, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it received a letter from Plaintiff's counsel dated November 25, 2024, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it sent a letter to Plaintiff's counsel dated December 11, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter to Plaintiff's counsel dated January 30, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and transferable skills

analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that functional capacity evaluations are contained in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter to Plaintiff's counsel dated March 27, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent a letter to Plaintiff's counsel dated March 27, 2025, and Lincoln refers to the letter itself as the best evidence of its contents.

Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the Life Plan and the LTD Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter to Plaintiff's counsel dated April 4, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter to Plaintiff's counsel dated April 14, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits it received a letter from Plaintiff's counsel dated September 29, 2025, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with additional documentation, which are contained in the administrative record, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits it received a letter from Plaintiff's counsel dated September 29, 2025, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it received a letter from Plaintiff's counsel dated September 29, 2025, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it received a letter from Plaintiff's counsel dated September 29, 2025, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with

additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received a letter from Plaintiff's counsel dated September 29, 2025, appealing the denial of Plaintiff's claims for further benefits from the Life Plan and the LTD Plan under the their respective Policies, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it sent letters to Plaintiff's counsel dated November 13, 2025 and November 14, 2025, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it sent a letter to Plaintiff's counsel dated November 13, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that transferrable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that transferrable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that transferrable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that transferrable skills analyses/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits

from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that the Voluntary Life Policy includes language pertaining to the definitions of "Total Disability" as applicable to a participant's claim for LWOP benefits from the Life Plan under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that the Life Policy includes language pertaining to the definitions of "Total Disability" as applicable to a participant's claim for LWOP benefits from the Life Plan under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Life Plan under the Life Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits it sent a letter to Plaintiff's counsel dated December 15, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits it sent a letter to Plaintiff's counsel dated December 15, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LWOP benefits from the Life Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. To the extent that the allegations contained in Paragraph 48 seek to interpret the provisions of the Life Policy, Lincoln refers to the Life Policy itself as

the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies all allegations contained in the WHEREFORE Paragraph and denies Plaintiff is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for further benefits from the Life Plan under the Life Policy was not arbitrary and capricious because the Life Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

5. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Iwana Rademaekers*

Iwana Rademaekers
(TX Bar No. 16452560)*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
*Attorney for Defendant The Lincoln National Life Insurance Company*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**Admitted to the Eastern District of Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Iwana Rademaekers*

Iwana Rademaekers