**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN FELT, JR.**

Plaintiff,

v.

Hon. Stephen J. Murphy, III
Mag Judge: Anthony P. Patti
Case No.: 26-10045

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, an Indiana corporation,

Defendant.

_______________________________________________/

**PARTIES' JOINT RULE(S) 16.1 & 26(f) PLAN**

Pursuant to this Court's March 10, 2026 Order Requiring Joint Discovery Plan and Setting Rule 16 Scheduling Conference (ECF No. 6, Page ID 53-61), the above-named Parties submit their Rule(s) 16.1 and 26(f) Plan for the Court's review and consideration.

A Rule 16 Scheduling Conference is scheduled for April 15, 2026, 10:00 a.m., via Microsoft Teams. Appearing for the parties as counsel will be Ilana S. Wilenkin on Plaintiff's behalf and Iwana Rademaekers on Defendant's behalf.

1) **Jurisdictional Basis:**

This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f).

2) **Plaintiff's Case Statement:**

Mr. Felt's Complaint thoroughly details his medical history as well as his claim and appeal reviews.

This is an ERISA-governed total disability waiver of life premium/extended death benefit claim(s) brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

Mr. Felt stopped working in any capacity on or about 7/19/22 due to extensive cardiac disease and significant spine and joint pathologies. He applied to Lincoln Financial ("LF") shortly after his last day of work to receive short- and long-term disability benefits along with extended death benefits (total disability waiver of life premiums) under two employer-sponsored life insurance policies.

LF paid short-term disability benefits beginning roughly 7/28/22 through 10/17/22. It then approved and paid Mr. Felt long-term disability benefits beginning approximately 10/18/22 through 6/11/24. LF denied

own-occupation long-term disability benefits as well as his extended death benefits effective 6/11/24.

Again, Mr. Felt was insured under two life policies: Voluntary Life, Policy No.: GL 000400001000-16602 for $100,000.00; and Group Life, Policy No.: 000010172984 for $79,000.00. The Policies' relevant provisions are as follows:

**Voluntary Life - $100,000.00:**

> Any Personal Life Insurance on your life will be continued, without payment of premiums; if while you are insured:
>
> (1) you become Totally Disabled before you reach age 60; and
>
> (2) you submit proof of your disability which is received by the Company:
>
> (a) within 12 months after your Total Disability begins; or
>
> (b) as soon as reasonably possible after that.
>
> DEFINITION OF TOTAL DISABILITY. For this benefit, Total Disability:
>
> (1) means you are unable, due to sickness or injury, to perform the material and substantial duties of any employment or occupation for which you are or become qualified by reason of education, training, or experience; and

(2) must continue for at least 180 days.

The following chart applies to the Portability Privilege provision **and to the Extension of Death Benefit provision when benefits end upon attainment of the Social Security Normal Retirement Age**.

1960 and later, age 67. (Ex. 1). (emphasis added).

**Group Life - $79,000.00:**

BENEFIT. Life insurance will be continued, without payment of premiums, for an Insured Person who:

(1) becomes Totally Disabled while insured under this policy and before reaching age 60;

(2) remains Totally Disabled for at least 6 months in a row; and

(3) submits satisfactory proof within the 7th through the 12th months of disability; or:

(a) as soon as reasonably possible after that; but

(b) not later than the 24th month of disability, unless he or she was legally incapacitated.

DEFINITION. For this benefit, Total Disability or Totally Disabled means an Insured Person:

(1) is unable, due to sickness or injury, to engage in any employment or occupation for which such Insured Person is or becomes qualified by reason of education, training, or experience; and

> (2) is not engaging in any gainful employment or occupation.
>
> The following chart applies to the Portability Privilege provision **and to the Extension of Death Benefit provision when benefits end upon attainment of the Social Security Normal Retirement Age**.
>
> 1960 and later, age 67. (Ex.2). (emphasis added).

Mr. Felt appealed LF's any-occupation long-term disability and extended death benefit(s) denials on 11/25/24.

On 1/30/25, LF provided Mr. Felt for review and comment two medical reports and a Transferrable Skills Analysis that it had obtained during its appeal review. In response to that information, Mr. Felt provided LF with a copy of his 2/1/25 Functional Capacity Evaluation, which found he did not possess the residual functional capacity to perform full-time sedentary. He also provided LF with updated cervical, lumbar, and right knee MRIs. Based on that evidence, on 3/27/25, LF approved the balance of own-occupation long-term disability benefits beginning 6/11/24 through 10/18/24. LF denied any-occupation long-term disability benefits beginning 10/19/24. It also denied Mr. Felt's extended death benefits/life premium waivers on 4/4/25.

On 9/29/25, Mr. Felt again appealed LF's any-occupation long-term disability and extended death benefit denials. He included with that appeal functional and vocational evidence supporting total and permanent disability.

On 11/13/25, LF approved any-occupation long-term disability benefits retroactive to 10/19/24 and continues paying those benefits without issue. Also, on 11/13/25, LF advised Mr. Felt that his extended death benefit claims were likely going to be denied but allowed him until 12/4/25 to respond to the additional information it had generated. Mr. Felt submitted an updated 12/2/25 vocational assessment, but LF issued its final extended death benefit denial on 12/15/25.

2a) **Defendant's Case Statement:**

Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for waiver of life insurance premium benefits pursuant to the terms and conditions of the applicable Life Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability under the terms of the Life Plan. Defendant also states that its

claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

3) **Pendent State Claims:**

There are no pendent state claims.

4) **Joinder of Parties and Amendment of Pleadings:**

None expected.

5) **Disclosures and Exchanges:**

LF will serve and file the Administrative Record by April 30, 2026. There are no other applicable disclosures or exchanges.

6) **Discovery:**

Not applicable.

7) **Disclosure/Discovery of Electronically Sored Information:**

Not applicable.

8) **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

Not applicable.

9) **Motions:**

LF will produce the Administrative Record that encompasses all information, records, documentation, electronically stored or otherwise,

etc. that has been generated since the inception of Mr. Felt's claims through LF's final 12/15/25 extended death benefits/waiver of life premium denial.

Pursuant to Fed Rules Civ Proc R 52, the Parties shall file cross-motions for judgment on the administrative record and responses as follows:

- Cross-motions filed by 7/10/26;
- Responses filed by 8/14/26; and
- no replies.

10) **Alternative Dispute Resolution:**

Mr. Felt has provided LF with a settlement demand and is hopeful that the Parties will be able to resolve the case. The Parties do not believe that the case lends itself to formal mediation/facilitation due to the amount-in-controversy.

11) **Jury or Non-Jury:**

Non-jury.

12) **Length of Trial:**

Not applicable.

13) **Prospects of Settlement:**

Mr. Felt has provided LF with a settlement demand and is hopeful that the Parties will be able to resolve the case.

14) **Electronic Document Filing System:**

Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the party has been excused from electronic filing on motion for good cause shown. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

15) **Other:**

A) Standard of Review

The Parties agree that arbitrary and capricious is the applicable standard of review.

B) Consent

The Parties do not consent to a Magistrate Judge conducting any of the proceedings.

Approved as to form and substance:

s/ Ilana S. Wilenkin (P61710)
Plaintiff's attorney
3000 Northwestern Hwy.,
Ste. 108
Farmington Hills, MI 48334
(248) 932-3505, ext. 323
ilana@lawsmf.com

s/ Iwana Rademaekers
Defendant's attorney
14785 Preston Road, Suite 550
Dallas, TX 75254
(214) 579-9319
iwana@rademaekerslaw.com

Dated: April 3, 2026